IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERTRUDE READ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAM'S CLUB, ET AL. | : | NO.  2:05-CV-00170-LDD |

MEMORANDUM OPINION

Davis, J.                                                                                                       September 23, 2005

Currently before the Court are defendants' motion for summary judgment (Doc. No. 11), and plaintiff's response thereto (Doc. No. 13).  For the following reasons, it is hereby ORDERED that defendant's motion is GRANTED.

**I.      Discussion**

On December 8, 2002, plaintiff Gertrude Read ("plaintiff") slipped and fell on a small puddle of clear liquid in the frozen food aisle of the store of defendant Wal-Mart Stores, Inc., trading as Sam's Club, and defendant Sam's East, Inc. ("defendants"). (See Compl., at ¶ 9). Plaintiff's complaint alleges a claim of negligence against defendants for failing to protect plaintiff from the harmful condition.  (Id., at ¶ 13).  Defendants currently seek summary judgment on the negligence count. (Doc. No. 11).

  **A.     Summary Judgment Standard**

In considering a motion for summary judgment, this Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

1

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 568 (3d Cir. 1986). Only facts that may affect the outcome of a case are "material." Anderson, 477 U.S. 248. All reasonable inferences from the record are drawn in favor of the non-movant. See id. at 256.

The movant has the initial burden of demonstrating the absence of genuine issues of material fact. This "burden . . . may be discharged by 'showing' that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catreet, 477 U.S. 317, 323 (1986). Once this burden is discharged, the non-movant must then establish the existence of each element on which it bears the burden of proof. See J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990). A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in his pleadings, but rather must present competent evidence from which a jury could reasonably find in her favor. Anderson, 477 U.S. at 248; Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989); Woods v. Bentsen, 889 F. Supp. 179, 184 (E.D. Pa. 1995).

    **B.**    **Application**

Defendants argue that any negligence claim fails as a matter of law because defendants lacked notice of the hazardous condition. (See Def. Br., at 4). In response, plaintiff argues that liability attaches both under the Restatement (Second) of Torts § 343 and under the Restatement (Second) of Torts § 344. (See Pl. Br., at 5, 8).

**1.     Liability Under Restatement (Second) of Torts § 343**

Plaintiff may prevail on her negligence claim by proving that a possessor of land had notice of a dangerous condition, that the condition posed an unreasonable risk, and that the possessor breached its duty by failing to protect against the danger. See Restatement (Second) of Torts § 343 (1965); Moultrey v. Great A & P Tea Co., 422 A.2d 593, 596 (Pa. Super. Ct. 1980). To establish notice, an "invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." Estate of Swift v. Northeastern Hospital of Philadelphia, 690 A.2d 719, 723 (Pa. Super. Ct. 1997). Constructive notice requires proof that the condition had been present long enough that, in the exercise of reasonable care, the defendant should have known of its presence. See Martino v. Great A&P Tea Co., 213 A.2d 608 (Pa. 1965); see 3 Summa. Pa. Jur. 2d Torts § 39:90 (inference of negligence does not flow from fact that substance was on floor of business and injury was caused by it; instead, plaintiff must prove that substance "was there for a period of time prior to the accident so as to impose constructive notice").

Defendants argue that they is entitled to summary judgment as a matter of law because plaintiff, as a business invitee, lacks evidence to suggest that defendant knew or should have known of the harmful condition. (See Def. Br., at 4-9). In response, plaintiff concedes that it lacks evidence of actual notice, but submits that genuine issues of material fact surround the issue of constructive notice, thereby precluding summary judgment in favor of defendant. (See Pl. Br., at 6).

>   **a.     Plaintiff presents no evidence at to how long the spill was on the floor.**

Plaintiff contends that a genuine issue of material fact exists as to how long the spill was on the floor. In support of this proposition, plaintiff presents the following facts: (I) defendants' employee, Beth Glanzmann ("Glanzmann"), testified that she could not recall the time when she performed a safety sweep of the dairy aisle; (ii) defendants failed to keep logs of safety sweeps, broom sweeps, or inspections; (iii) defendants failed to follow its own regulations by placing a spill station in the aisle where plaintiff fell or by placing a carpet mat in the area where many liquid items are located; and (iv) Glanzmann's testimony lacks credibility (See Pl. Br., at 5-7).[1] From these facts, plaintiff contends that a reasonable juror could conclude that the dangerous condition remained on defendants' floor for a sufficient time to trigger constructive notice. (Id., at 7).

This Court disagrees. Plaintiff concedes that she presents no evidence as to how the spill materialized or as to how long the spill was on the floor. (See Pl. Br., at 6) ("There exists no clear evidence as to the [sic] how long the dangerous condition remained on the floor."); Flocco v. Super Fresh Markets, Inc., 1998 WL 961971, at *2-3 (E.D. Pa. Dec. 29, 1998) (granting summary judgment for defendant in slip and fall case because plaintiff failed to produce evidence as to length of time gravy was on floor, despite plaintiffs' testimony that they did not hear sound of breaking glass during half-hour they spent shopping in store and observed noone in the aisle at time of fall); Clark v. Fuchs, 1994 WL 13847, at *3 (E.D. Pa. Jan. 14, 1994) (granting summary

---

[1] Plaintiff's statistical evidence as to the frequency of slip and fall accidents at defendants' store is more relevant to defendant's liability under the Restatement (Second) of Torts § 344, particularly because general statistical evidence in no way leads to the inference that defendant had notice of this particular spill. See Myers, 606 A.2d at 929 (although employees testified that filling produce cases always generates a mess and that employees must clean the produce section throughout their shift because of the history of produce messes, no constructive notice because no evidence that produce cases were filled prior to plaintiff's accident).

judgment for defendant in slip and fall case because plaintiff failed to present evidence to indicate how long the paper on which plaintiff slipped was on the stairs); Moultrey v. Great A & P Tea Co., 422 A.2d 593, 596-597 (Pa. Super. Ct. 1980) (affirming grant of compulsory non-suit to defendant in slip and fall case because plaintiff failed to present any evidence of how long the cherry on which plaintiff slipped ad been on the floor, how long it got there, and when the area in which plaintiff fell had last been cleaned). Indeed, plaintiff provides no evidence of water tracks prior to the fall, of the length of time that plaintiff was in the aisle prior to the accident, or of the accumulation of dirt or debris near the spill.[2] See, e.g., Evans v. Canteen Corp., 1995 WL 355231, at *2 (E.D. Pa. June 13, 1995) (lack of tracking and accumulation of dirt in record suggests lack of constructive notice). Gales v. United States, 617 F. Supp. 42, 44 (W.D. Pa. 1985) ("absence of tracking from the area of a spill is evidence that the spill os of recent origin"). Furthermore, the Court notes that the water had not dried at the time of the fall. See, e.g., Flocco, 1998 WL 961971, at *3 (noting that slippery condition had not dried at time of fall).

Second, the factual issues that plaintiff raises are immaterial to the issue of constructive notice. The Court agrees that a genuine issue of material fact exists as to when Glanzmann conducted what she described as hourly protective sweeps on the date of the accident, that defendants did not record the timing of the safety sweeps, and that no spill station was located in

---

[2] Although a claims adjuster documented that Glanzmann saw a "skidmark" at the site of the accident, plaintiff puts forward no evidence to indicate that this skidmark existed prior to the accident. (See Glanzmann Dep., at 89-90; Reports of Claims Management, attached to Glanzmann Dep.). Furthermore, plaintiff does not argue in her brief that this skidmark suggests that the spill existed for a certain period of time prior to plaintiff's accident.

the aisle where plaintiff fell. (See Glanzmann Dep., at 81-82, ).[3]  Nonetheless, these issues are immaterial to a finding of constructive notice (i.e., how long the spill was on the floor).  Instead, these issues help establish the alleged unreasonableness of defendant's behavior in failing to protect plaintiff from a pre-existing spill.  In other words, although these factual disputes are material in showing a breach of duty, they become relevant only after plaintiff makes an evidentiary showing of the existence of such a duty (i.e., that the spill lingered for a sufficient period of time so that defendant should have discovered the spill), which plaintiff has not done.  For instance, even if Glanzmann or a grocery associate conducted a protective sweep one hour before the accident, and then recorded this negative finding in a log,[4] a jury would still have no factual basis from which to infer the duration of the spill.  Indeed, the spill could have happened merely seconds before plaintiff's fall, thereby making it impossible for defendant to have notice as a matter of law. See Estate of Swift, 690 A.2d at 722 (no constructive notice when plaintiff presents no evidence as to how water arrived on floor or how long condition existed, even though plaintiff presents janitorial maintenance records indicating that person charged with maintaining area left four hours prior to accident); Myers v. Penn Traffic Co., 606 A.2d 926, 929-930 (Pa. Super. Ct. 1992) (refusing to infer constructive notice in slip and fall case despite facts that

---

[3]Glanzmann testified that she conducted safety sweeps in the afternoon and morning of December 8, 2002 and that, based upon customary practice, she would have conducted these sweeps every hour. (See Glanzmann Dep., at 74-75, 81-82; see Defendants' Slip/Trip/Fall Solutions, attached as Ex. E to Def. Br.). Glanzmann also testified that grocery associates were responsible for conducting hourly sweeps. (Id., at 77-81). As such, Glanzmann's testimony certainly does not support plaintiff's contention that "she may or may not have conducted a safety sweep at all" on December 8, 2002. (See Pl. Br., at 12).

[4]Glanzmann testified that in the event she saw a spill, she took immediate action to remedy the hazardous condition. (See Glanzmann Dep., at 81).

produce frequently fell to floor when employees filled produce cases and that employee working in the produce department was on a break at time of accident).[5]

Third, this conclusion comports with federal and state precedent on a plaintiff's burden of proof in slip and fall cases. These cases, several of which are cited in plaintiff's brief, require a plaintiff to present circumstantial evidence on the duration of the hazardous condition to generate a genuine issue of material fact on the issue of constructive notice. For instance, in <u>Ryan v. Super Fresh Food Markets, Inc</u>., plaintiff sued a supermarket for injuries that arose when plaintiff slipped on a puddle of chocolate pudding in the frozen food aisle. 2000 WL 537402, at *2 (E.D. Pa. April 26, 2000). The Court denied defendant's summary judgment motion, finding that genuine issues of material fact existed as to whether defendant had constructive notice of the hazardous condition. <u>Id</u>. The Court's denial was based upon plaintiff's ability to present evidence that the pudding may have been on the floor for a period of time prior to the injury. <u>Id</u>. Specifically, plaintiff presented testimony that she engaged in a fifteen minute conversation with an elderly couple before her fall and that, because the conversation took place about fifteen feet adjacent to the locus of the accident, she would have heard someone drop a container of chocolate pudding during that time. <u>Id</u>. Accordingly, by providing circumstantial evidence that the hazardous condition did not materialize immediately before the accident, a genuine issue of material fact existed as to whether defendant possessed constructive notice. <u>See, e.g.</u>, <u>Kania v. Sbarro, Inc</u>., 1998 WL 800320, at *2 (E.D. Pa. Nov. 13, 1998) (denying summary judgment for

---

[5]Because the testimony of Glanzmann does not raise a genuine issue of material fact as to constructive notice, any perceived lack of credibility in Glanzmann's testimony does not lift plaintiff's negligence claim over the summary judgment hurdle. <u>See</u> <u>Estate of Swift</u>, 690 A.2d at 722.

defendant in slip and fall case because a juror could infer constructive notice of existence of piece of lettuce in food buffet area from facts that plaintiff saw no employees in the buffet area for five to ten minutes before the accident, general manager's admission that restaurant was shorthanded, and plaintiff's testimony that lettuce was slightly brown in color); Myers, 606 A.2d at 929-930.[6]

### b. Conclusion

In summary, plaintiff has failed to put forth any evidence as to the origin of the spill or as to how long the spill was on the floor prior to plaintiff's accident. These evidentiary deficiencies are fatal to plaintiff's claim under § 343 of the Restatement (Second) of Torts.

### 2. Liability under § 344 of the Restatement (Second) of Torts

Plaintiff also argues that liability attaches under § 344 of the Restatement (Second) of Torts. (See Pl. Br., at 8-9). Section 344 holds liable a possessor of land "for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons . . . , and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it." See Restatement (Second) of Torts § 344. These duties are not triggered until the possessor has actual or constructive knowledge of such conduct by

---

[6]Although plaintiff cites Thompson v. Target Stores, Inc., 2000 WL 1659929 (E.D. Pa. Nov. 2, 2000) for the proposition that whether defendant behaved negligently by leaving a hazardous condition for an unreasonable period of time is a question for the fact-finder, plaintiff's reliance on this case is misplaced. Thompson involved the application of Virginia law, as opposed to Pennsylvania law, which requires evidence of notice prior to reaching the question of whether defendant acted negligently in leaving a hazard for an unreasonable period of time. Id., at *2; Moultrey, 422 A.2d at 596. Furthermore, the Thompson Court failed to describe the evidence in support of its conclusion that a genuine issue of material fact existed as to how long the puddle was on the floor and how the condition arose. Id.

third-parties. Id., at comment f. Importantly, however, such knowledge may be inferred from "past experience." Id.

Section 344 imposes a slightly different breed of possessor liability than that of § 343, and, in so doing, imposes a slightly different concept of notice. Indeed, under § 344, a defendant is not liable for failing to remedy a harmful condition, but, instead, for failing to use reasonable care to discover the likelihood of a third party's negligent act, such as a customer causing a spill. In turn, to be liable under § 344, a defendant need only have knowledge of the likelihood of a third party's performance of an act leading to a harmful condition, as compared to knowledge of the actual harmful condition.

> a. Plaintiff has not put forward evidence that the negligence of a third party caused the instant spill and that defendants had constructive knowledge of the likelihood of the occurrence of such a negligent act.

Plaintiff fails to raise a genuine issue of material fact to proceed under § 344 of the Restatement (Second) of Torts. See Moultrey, 422 A.2d at 596 ("In a related context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition . . ."); Ryan, 2000 WL 537402, at *2 (constructive notice may be established through repetition of condition). Several reasons support this analysis. First, because plaintiff lacks evidence as to the origin of the spill, plaintiff cannot establish that the spill was caused by the negligence of a third party. See, e.g., Restatement (Second) of Torts § 344 (possessor liable for negligent acts of third persons, which include all "persons other than the possessor of the land, or his servants acting within the scope of their employment"). Indeed, both parties concede that they are unable to explain the source of the spill. (See Def. Mot., at ¶ 5; Pl.

Mot., at ¶ 5).

Second, assuming *arguendo* that plaintiff could establish that the spill was caused by a third party, plaintiff lacks evidence to indicate that plaintiff had constructive knowledge of the likelihood of the occurrence of such a negligence act. For instance, while plaintiff's statistics indicate that a slip and fall accident occurred at defendants' store approximately once every 2.5 months between 1997 and 2002, plaintiff's statistical evidence does indicate which accidents were caused by third parties. (See Statistical Chart of Slip and Fall Injuries, attached as Ex. 4-1 to Pl. Br.). Furthermore, once plaintiff's statistical evidence is broken down according to the location of the spill and injury, the likelihood of an accident occurring in the frozen food, dairy, or perishable section diminishes, as only seven of the twenty-two accidents occurred in such locations.

Finally, although defendants' own policies required protective sweeps every hour, thereby suggesting that defendant knew of the likelihood that water or debris might accumulate on the floor, there is no evidence that the negligence of third parties facilitated the implementation of such a policy. See, e.g., Myers, 606 A.2d at 930 (granting summary judgment to defendant because plaintiff failed to put forth evidence that either the store's employees or third party caused condition that resulted in customer's injury).[7]

### b.      Conclusion

---

[7] Plaintiff's reliance on Kania is misplaced. Although Kania mentioned the Restatement (Second) of Torts § 344 as a basis for permitting plaintiff's negligence claim to reach a jury, the Court never expressly applied the principles of that section, including the requirement that a third party cause the harmful condition. See Kania,1998 WL 800320, at *2. Furthermore, it was reasonable to infer that a third party caused the harmful condition based upon the fact that the accident occurred at a food buffet, due to a piece of lettuce on the ground. Id.

In summary, without evidence that the spill was caused by the negligence of a third party and that third-party spills were a frequent occurrence, plaintiff's negligence claim under § 344 of the Restatement (Second) of Torts fails as a matter of law.

### C.     Conclusion

For the preceding reasons, this Court grants summary judgment to defendants on plaintiff's negligence claim. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERTRUDE READ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAM'S CLUB, ET AL. | : | NO. 2:05-CV-00170-LDD |

ORDER

      AND NOW, this 23rd day of September 2005, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 11), and Plaintiff's response thereto (Doc. No. 13), it is hereby ORDERED as follows:

1.    Defendants' Motion for Summary Judgment (Doc. No. 11) is GRANTED.

2.    The Clerk of Court is directed to mark this action CLOSED for statistical purposes.

BY THE COURT:

   /s/
Legrome D. Davis, J.